IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS X. DOUGHERTY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-1001 |
| | : | |
| THE SCHOOL DISTRICT OF | : | |
| PHILADELPHIA, et al. | : | |

## **ORDER**

AND NOW, this 18th day of May, 2015, it is ORDERED:

- Defendants' Motion in Limine (Document 211) is DENIED.[1]

---

[1] Defendants School District of Philadelphia, Dr. Arlene Ackerman, and Ms. Estelle Matthews move in limine to preclude Plaintiff Francis X. Dougherty from offering evidence of future lost earnings, front pay, or back pay, and preclude Plaintiff's economic expert, Andrew Verzilli, from offering opinions and evidence of the same.

Defendants advance three arguments in favor of their motion. First, Defendants contend the jury only determined Defendants suspended Dougherty or recommended his termination and did not determine whether Dougherty was wrongfully terminated in retaliation for his protected speech. Because the termination question was not put to the jury, there was no jury finding of discriminatory discharge or constructive discharge, and consequently, Dougherty cannot recover back or front pay. Because the Court finds this question is more properly addressed in conjunction with the actual proceedings of the bench trial, the Court denies this prong of the motion in limine summarily and will address Defendants' argument in the bench trial Memorandum, which will be issued separately.

Defendants also argue Verzilli's opinions are unreliable because they are based upon the assumption that Dougherty was wrongfully terminated. As a result, Verzilli's calculation of Dougherty's economic losses from the date of his termination from the School District is speculative and lacks probative value. Federal Rule of Evidence 702 governs the admissibility of expert evidence and "embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citation omitted). An expert's testimony is reliable if it "is based on the methods and procedures of science rather than on subjective belief or unsupported speculation." *Id.* (internal citation and quotation marks omitted). Verzilli's expert reports clearly set forth the data utilized to compute Dougherty's past and future lost earnings, which includes his pre-termination earnings, deposition excerpts, self-executed disclosures, benefit information, pay statements, and employment verification inquiry printouts. Additionally, Verzilli explained his assumptions and methodology, indicating he accounted for Dougherty's mitigation through his new position with the City of Allentown, future wage growth, and an appropriate discount rate; he also provided estimates for various durations of front pay periods. That Verzilli's calculations hinge on the date of Plaintiff's termination, rather than his suspension or recommendation of termination does not

- Defendants' oral Motion for Reconsideration of the Court's March 18, 2015, Order granting Plaintiff leave to amend and the Court's March 30, 2015, Order denying Defendants' Motion to Quash Post-Trial Subpoenas is DENIED.

- For the reasons set forth in the accompanying Memorandum, Defendants' oral Motion for Judgment as a Matter of Law asserted during the April 1, 2015, damages hearing is DENIED.


BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

make Verzilli's calculations themselves unreliable or speculative. If the Court were to discount Verzilli's opinions, it would solely be due to their lack of relevance, should the Court find Plaintiff is not due front and back pay for failing to prove the causal link between the retaliatory actions the jury found and his termination.

Finally, Defendants assert Verzilli should not be permitted to testify regarding Plaintiff's purported future lost earnings since they are a measure of compensatory damages not covered by the pretrial stipulation and should have been put to the jury. Defendants maintain Dougherty, moreover, has not identified any evidence supporting a finding of reputational harm resulting in diminished earning capacity, nor do Verzilli's reports contain any mention of a calculation of damages from diminished lifetime earnings, as required by Federal Rule of Civil Procedure 26(a)(1)(B)(i), (ii). The Court finds these arguments unavailing. As is set forth more thoroughly in the accompanying Memorandum, the parties agreed to submit "future lost earnings" to the bench. At no point during the jury trial did Defendants attempt to characterize these future lost earnings as a type of compensatory damages not covered by the language of the stipulation. It would be inequitable for the Court to now preclude Plaintiff from recovering damages on this basis. Moreover, Dougherty has not claimed damages arising specifically from any diminished earning capacity, nor will the Court award damages for such an injury. That Verzilli did not calculate damages for diminished lifetime earnings, therefore, is irrelevant. Accordingly, the Court denies Defendants' motion.